**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| JONATHAN WAYNE MUNDO, | No. ED CV 18-2204-AB (PLA) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION WITHOUT PREJUDICE** |
| THE STATE OF CALIFORNIA, | |
| Respondent. | |

**I.**

**BACKGROUND**

On October 17, 2018, Jonathan Wayne Mundo ("petitioner"), a prisoner in a Nevada state prison, filed a "Motion for Writ of Error Coram Nobis," which the Court construes as a Petition for Writ of Error Coram Nobis ("Petition"). (ECF No. 1). In the Petition, petitioner asserts that in 2012 he was convicted in a California superior court of two counts of second degree robbery and one count of escape. (ECF No. 1 at 2). In 2016, he completed his California prison sentence, and was then extradited to Nevada, where he is currently serving a prison term for a 2012 Nevada conviction. (Id.). Petitioner in the Petition raises a Fourth Amendment violation, which is nearly identical to a claim he raised in a prior habeas petition filed in this Court in 2016 in Case No. ED CV 16-663-AB (PLA) ("the 2016 Petition"), which challenged the same California superior court

conviction. (See Case No. ED CV 16-663, ECF No. 1 at 23). By Order and Judgment entered on October 28, 2016, this Court dismissed the 2016 Petition with prejudice as untimely pursuant to the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). (Case No. ED CV 16-663, ECF Nos. 28, 29). 28 U.S.C. § 2244(d)(1). Both this Court and the Ninth Circuit Court of Appeals denied a certificate of appealability. (Case No. ED CV 16-663, ECF Nos. 30, 40).

For the reasons set forth below, the Petition should be dismissed.

## II.
## DISCUSSION

In the Petition, petitioner asserts that his Fourth Amendment rights were violated when a detective in California "exceeded the scope of the warrant, and gave [petitioner's] cell phone records to [a] Henderson, Nevada detective." (ECF No. 1 at 2-3). Petitioner argues that, based on this purported violation, his "robbery convictions should be vacated" and "a writ of error coram nobis should issue." (Id. at 3). He asserts that he qualifies for coram nobis relief because, among other reasons, he "attack[ed] the conviction earlier but was barred due to time restraints of the AEDPA." (Id.).

"Coram nobis relief is not available in federal court to attack a state court conviction." Casas-Castrillon v. Warden, 265 Fed.Appx. 639 (9th Cir. 2008) (citable pursuant to Ninth Circuit Rule 36-3); see also Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006) ("district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts"); Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) (same); Hensley v. Municipal Court, 453 F.2d 1252 n.2 (9th Cir. 1972) ("We are unable to treat this petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court."), *reversed on other grounds*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).

Additionally, coram nobis relief may be sought only from the particular court whose ruling is being challenged. See United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002); Hensley, 453 F.2d at 1252 n.2; see also United States v. Morgan, 346 U.S. 502, 505 n.4, 74 S.Ct. 247, 98 L.Ed.2d

248 (1954) (coram nobis petition "is a step in the criminal case and not, like habeas corpus where relief is sought in the separate case and record, the beginning of a separate civil [p]roceeding"). The present Petition challenges a state court proceeding. Accordingly, coram nobis relief is unavailable in this Court.

Alternatively, if the Court construes the Petition as a petition for writ of habeas corpus under 28 U.S.C. § 2254, dismissal would still be warranted because the Petition would be successive. A federal habeas claim is successive if it was or could have been adjudicated on the merits in a previous federal petition. See Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). "Before a second or successive [claim] . . . is filed in the district court, the applicant *shall move in the appropriate court of appeals* for an order authorizing the district court to consider" the claim. 28 U.S.C. § 2244(b)(3)(A) (emphasis added).

As stated supra, petitioner filed a prior habeas petition in this Court in 2016 in Case No. ED CV 16-663-AB (PLA), and it was dismissed with prejudice as untimely. Petitioner therefore would be required to receive authorization from the Ninth Circuit before again attacking the same conviction or sentence pursuant to § 2254. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal for failure to comply with statute of limitations is a dismissal on the merits that renders subsequent petitions successive); see also 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007). Because there is no indication that petitioner has obtained such permission from the Ninth Circuit, the Court lacks jurisdiction under 28 U.S.C. § 2244(b).[1] See Burton, 549 U.S. at 157; Cooper, 274 F.3d at 1274.

---

[1] Moreover, to the extent petitioner intends to seek habeas relief with respect to his 2012 California conviction, he may not satisfy the "in custody" requirement as it appears that his California sentence has fully expired. Title 28 U.S.C. § 2254 empowers a federal court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional, and "therefore it is the first question [the Court] must consider." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (internal quotations and citation omitted). A habeas petitioner is not "in custody" after the sentence imposed for the conviction is "fully expired." Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).
Additionally, to the extent petitioner intends to seek habeas relief with respect to his 2012
(continued...)

Likewise, even if the Court construed the Petition as a Rule 60(b) Motion,[2] dismissal is still warranted. First, "[w]hile Rule 60(b) can be used to relieve a party from a final judgment, order, or proceeding issued by the United States District Court, it cannot be used to relieve [a] [p]etitioner of an order, judgment or proceeding issued by a state court. . . ." Smalling v. State of Arizona, 2009 WL 2177318, at *2 (D. Ariz. July 21, 2009); see Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co., 442 F.2d 1234, 1239 (D.C. Cir. 1971) ("neither Rule 60(b) per se nor . . . any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts"). Additionally, because the purported Rule 60(b) motion contains a substantive claim for relief based on an alleged Fourth Amendment violation, rather than an attack on the integrity of the prior federal habeas proceeding, the Rule 60(b) motion must be treated as a successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 530-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Again, this Court may not entertain a successive petition without authorization from the Ninth Circuit. 28 U.S.C. § 2244(b).

For the above reasons, dismissal of the Petition without prejudice is warranted.[3]

---

[1](...continued)
*Nevada* conviction, pursuant to 28 U.S.C. § 2241, venue for a habeas action is proper in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Here, it appears that the District of Nevada is both the district of conviction and the district of confinement for his current sentence, and therefore any federal habeas petition challenging petitioner's Nevada conviction should be filed in that district court.

[2] Rule 60(b) provides that a district court may relieve a party from a final judgment on six grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

[3] To extent the Ninth Circuit would require petitioner to obtain a certificate of appealability in order to challenge this Order, the Court declines to issue one. An appeal may not be taken from a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court unless a circuit justice or a circuit or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). "A certificate of appealability may issue ... only if ... [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court issues a denial on procedural
(continued...)

## III.

## **CONCLUSION**

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice**, and a certificate of appealability is **denied**.

DATED: October 26, 2018

_____
HONORABLE ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Petitioner has not met this standard with respect to the Court's denial of the instant Petition.